## THE TOWN OF DEPERE and another vs. THE TOWN OF BELLEVUE and others.

TOWNS: *Their liability to contribute to pay debts of other towns from which they were formed.*

1. If a part of the territory and inhabitants of a town are separated from it by annexation to another, or by the creation of a new corporation the remaining part of the town, or the former corporation, retains all its property and franchises, and *remains subject to all its obligations*, unless some express provision to the contrary is made by the act authorizing the separation.

2. By authority of law, in 1853, the town of Depere, to aid in the construction of certain roads, issued its bonds, payable in twenty years, with interest payable annually. Subsequently, by resolution of the county board, certain parts of the territory and inhabitants previously included in said town, were organized into the defendant towns, the remaining territory and inhabitants still constituting the town of Depere. In an action to enforce contribution from the defendant towns of their proportionate share of sums paid by the town of Depere as interest on said bonds, no provision appearing to have been made in the organization of the defendant towns for the payment of any part of said indebtedness by them: *Held*, that they were not liable.

3. *Crawford County v. Iowa County* (2 Chand., 14), and *Town of Milwaukee v. City of Milwaukee* (12 Wis., 93), approved and followed.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was commenced in Brown county, by the town and village of Depere against the defendant towns, to enforce contribution on account of moneys paid by the plaintiffs upon indebtedness incurred by the original town of Depere when the defendants constituted a part thereof. The judge of that circuit having been of counsel, the case was transferred to Fond du Lac county.

The complaint alleges, in substance that all the parties are duly organized corporations; that prior to April 2, 1853, and until July 1, 1854, they had but one corporate existence, and were known as the town of Depere, which comprised the entire territory of all of them; that in May, 1854, under a specified act of the legislature authorizing it so to do, the town of Depere voted to issue its bonds in aid of a certain plankroad, and the same were issued on or about the 1st of July, 1854, payable in twenty years, with interest payable annually; that the present town and village of Depere have been compelled to pay and have paid seventeen years interest on such bonds; and that the defendants have paid nothing, but refuse to pay their proportionate share; and, after stating the assessed valuation of each of the parties, and the proportion each ought to pay, it asks judgment that the defendants be required to contribute according to such proportion. The defendants demurred to the complaint, on the grounds of defect of parties plaintiff, improper joinder of causes of action, and insufficiency.

From a judgment sustaining the demurrer the plaintiffs appealed.

*Hudd & Wigman,* for appellants:

1. The demurrer does not state what defect of parties exists, and is therefore bad. 13 Abb. Pr. R., 443. There is no such defect. 2. Both the town and village have such an interest in the subject of the action as to justify their joinder. R. S., ch. 122, secs. 18 and 19; 17 Wis., 455; Story's Eq. Jur., pp. 72, 74; 2 Wis., 367; 5 id., 151; 18 id., 566; P. and L. Laws of 1857, ch. 276. 3. The defendant towns, having been organized out of the old town of Depere after the issue of the bonds, are liable to contribute for their payment. Towns are *quasi* corporations. R. S., ch. 15, sec. 1; A. and A. on Corp., 20; 3 Wis., 714. Debts against such corporations are a territorial or corporate, and not an individual claim. R. S., ch. 15, secs. 77, 78. If the legislature or the county board of supervisors could form new towns out of the territory of an old

town which should not be liable for its bonded debt, they could so relieve the whole territory, or all but a few acres therefrom. Such action would impair the obligation of the contract, and therefore be void. 4. The act authorizing the issue of the bonds and subjecting the property of the town to taxation for their payment was a contract with the tax payers of the town, as well as with the bondholder, that all the then territory should be holden for the debt; consequently the remaining tax payers can raise the question of liability. 4 Wheat., 507; 7 Wal., 613; Cooley's Con. Lim., 285 — 294. 5. Any law which takes away the right of taxation of part of the property pledged by the original act is a nullity. 4 Wal., 535. 6. An action at law to collect the interest on the principal of the bonds when due must be against the town of Depere alone. 21 Wis., 636. By the act incorporating the village of Depere, it could be made liable at law for its proportion of the debt, but the remaining territory constituting the defendant towns is liable only in equity. 7. When a portion of the territory of an organized town in this state is separated from it and annexed to another, or erected into a new corporation, the originial corporation retains all its property, power, rights and privileges, subject to all its obligations and duties and bound by all its contracts. 12 Wis., 98; 9 id., 39; 4 Mass., 278, 384; 10 id., 430; 16 id., 76; 4 Wheat., 507; 2 Johns. Ch., 320; 2 Wend., 109; 45 Me., 133; 11 id., 118; 8 Pick., 524; 2 N. H., 20. But equity will compel the new town, formed from the old territory, to pay its proportion of the previously incurred debt, when the act creating the division is silent on the subject.

*Hastings & Greene*, for respondents:

1. The complaint is defective in not showing that the defendant towns were ever set off from the town of Depere, or if so, when and by what power or proceedings. If done by the board of supervisors, as in this case, the steps taken by them for that purpose were jurisdictional, and must be alleged, either specially or in the general mode provided by sec. 23, ch. 125,

Town of Depere and another vs. Town of Bellevue and others.

R. S. 1 Cow., 316; 6 id., 221, 234; 3 Wend., 247; 5 Denio, 102; 12 How. Pr. R., 542; 13 Abb. Pr. R., 183; 14 id., 147. The appearance and demurrer of these defendants does not admit that jurisdiction, or any facts except such as are well pleaded. Gould's Pl., 420, ch. 9, pts. 5 and 6. 2. The complaint is also defective in not stating when the defendant towns were set off, whether before or after the old town of Depere paid the interest on the bonds. If after, the defendants are not liable. The court cannot take judicial notice of the proceedings of the board of supervisors in creating them. *Harker v. Mayor, etc.*, 17 Wend., 199; Willcock's Mun. Corp.; *People v. Ryder*, 2 Kern., 438-9. 3. The complaint also fails to show that in the acts dividing the territory of the old town any provision was made for an apportionment of the debts. Without such a provision, the new corporations are not liable therefor. *Town v. City of Milwaukee*, 12 Wis., 93; *Att'y Gen'l v. Fitzpatrick*, 2 id., 543; 21 id., 348; 25 id., 46; *Portland v. Windham*, 4 Mass., 384; *Brunswick v. Dunning*, 7 id., 445; *Hampshire v. Franklin*, 16 id., 76; *Baptist Society v. Candia*, 2 N. H., 20; *North Yarmouth v. Skillings*, 45 Me., 133; *The People v. Morrill*, 21 Wend., 563, 576; 47 Me., 127. The town is the "artificial person," and not the territory, and when a new town is organized out of part of an old one, it becomes as distinct and separate therefrom as one natural person is from another, and no more liable for the debts of the old town. Equity will not enforce contribution against parties who were not equally bound to share the burden. Adams' Eq., 566; Willard's Eq., 106. 4. It would not be unconstitutional even to so divide a town as to leave insufficient territory to pay its debts. The legislature has the constitutional power to divide towns, or to delegate that authority, as they have done, and persons contracting with a town do so subject to that constitutional power. R. S., ch. 10, sec. 28; Const., art. IV, sec. 22. Such a division would not impair the obligation of the contract, because the town would still be liable, and all the property af-

terward coming into or acquired by it could be resorted to. 2 Story on Con., § 1381; 4 Wheat., 200, 201; Cooley's Con. Lim., 287. But such a case could hardly arise, because the consent of the town is necessary thereto. 5. No cause of action is shown in favor of the *village* of Depere. The complaint does not show whether it ever paid any of this interest, or, if any, whether it paid more than the proportion required by its charter. *Debolt v. Carter*, 31 Ind., 355; *Berkshire v. Shultz*, 25 id., 523; 30 id., 418; 8 How. Pr. R., 392; 24 id., 353; 21 Wis., 678.

COLE, J.   We are of the opinion that the complaint in this case states no cause of action, and therefore that the demurrer was properly sustained upon that ground.   It appears from the allegations of the complaint, that, prior to April, 1853, and until after the first of July, 1854, the plaintiffs and defendants were included in and formed one town, known as the town of Depere. In 1853 that town was authorized by an act of the legislature to aid in the construction of certain roads, and the electors thereof voted for the issue of, and the officers of the town did issue, $5,000 in town bonds, payable in twenty years, the interest thereon being payable annually according to the terms of coupons attached to each of said bonds.   Subsequently, each of the defendants was organized, by a resolution of the county board of supervisors, into a town, out of the territory originally included in the town of Depere when the bonds were issued. Before the commencement of this action the plaintiffs had paid, as interest due on such bonds, the sum of four thousand dollars; and this action is brought to compel a contribution, or a payment by the defendants of such a proportional share of the whole sum due and paid for interest as their territory and the assessed valuation thereof bear to the assessed valuation of the property of the plaintiffs.   And the question raised by the demurrer is, Can these towns, which were subsequently organized out of the territory originally embraced in the town of Depere,

be held liable for a share of the original indebtedness? This question, we think, must be answered in the negative.

It is not alleged in the complaint, nor is it claimed in the argument of the counsel for the plaintiffs, that, in the organization of the defendant towns, any provision whatever was made that they should be liable for the payment of any portion of this debt. Therefore, if they are liable at all, it is because they constituted a portion of the town of Depere when the debt was contracted. But, "by general principles of law, as well as by judicial construction of statutes, if a part of the territory and inhabitants of a town are separated from it, by annexation to another, or by the erection of a new corporation, the remaining part of the town, or the former corporation, retains all its property, powers, rights and privileges, and remains subject to all its ob-ligations and duties; unless some express provision to the contrary should be made by the act authorizing the separation." This is the language of chief justice PARKER, in the case of *Hampshire v. Franklin*, 16 Mass., 76–86, a decision which was relied on and followed as an authority in *Crawford County v. Iowa County*, 2 Chandler, 14; and which is referred to with strong approbation by the chief justice, when considering an analogous question, in *The Town of Milwaukee v. The City of Milwaukee*, 12 Wis., 93. The case of *Hampshire v. Franklin* is supported by other decisions, not only in Massachusetts but in other states, and we have no doubt is a correct exposition of the law upon this subject. *Windham v. Portland*, 4 Mass., 384; *North Yarmouth v. Skillings*, 45 Maine, 133; *Vogie v. Howland*, 47 id., 127.

These principles of law are very clearly announced by Mr. Justice SWAYNE, in *Morgan v. Beloit City and Town*, 7 Wallace, 613, to which we were referred by the counsel for the plaintiffs. That was an action in equity against the city and town of Beloit, to compel the two corporations to pay certain judgments in the proportion which each ought to pay. The town of Beloit, under an act of the legislature, had made a sub-

Town of Depere and another vs. Town of Bellevue and others.

scription to the stock of a railroad company, and had issued bonds of the town to pay therefor. Afterwards the city of Beloit was created and organized from a portion of the territory which had constituted the town of Beloit. In the city charter was a provision that all principal and interest upon all bonds which had theretofore been issued by the town, should be paid, when the same or any portion thereof fell due, by the city and town in the same proportions as if the town and city had not been dissolved. Upon the strength of this provision the court entertained jurisdiction, and enforced the remedy against both city and town. And in the opinion Mr. Justice SWAYNE says : " The two corporations are as separate and distinct as if the territories they embrace respectively, had never been united. It is obvious that, without a legislative provision to that effect, the city would not be answerable at law for the debts of the town incurred before the former was created. Whether, but for the statute, the city then would have been chargeable in equity, it is not necessary to consider. The statute is conclusive as to a liability to be enforced in some form of procedure." Pp. 617, 618.

It is very obvious that this case is wholly unlike the one before us, where there are no provisions making the defendant towns liable for the debts of the old corporation, and where the remedy sought to be enforced is not at the suit of a creditor, but by the corporation itself, which has only paid the debt it contracted and was bound to pay.

This view disposes of the case, and it is not necessary to no·tice the other questions discussed upon the argument.

*By the Court.*— The order sustaining the demurrer to the complaint is affirmed.