THE DISTRICT TOWNSHIP OF JASPER v. THE DISTRICT TOWN-
SHIP OF SHERIDAN.

1. School District: DIVISION OF: TAXATION. The defendant and an-
other district township were carved out of plaintiff, whereupon it was
agreed by the officers of the three that the plaintiff should draw all the
"fund due," and make a certain disposition thereof; a railroad tax for
two years preceding the division of the district township through some
oversight had not been assessed, but it was afterward assessed for those
years, and paid to defendant the same as if the division had occurred
prior thereto: *Held*, that the plaintiff was entitled to recover from the
defendant the amount of tax so paid.

*Appeal from Carroll District Court.*

SATURDAY, OCTOBER 20.

ACTION to recover certain taxes paid by the treasurer of Car-
roll county to the defendant. The taxes were collected upon
certain railroad lands in said county, and they were paid to the
defendant, because the lands at the time the taxes were levied
were within the defendant district township. The taxes, how-
ever, were for the years 1866 and 1867, and during those years
and until March, 1868, the township within which the lands
were situated was embraced in the district township of Jasper.
That district then embraced the north half of Carroll county.
In the month of March, 1868, the district township of Jasper,
as theretofore constituted, was divided. What is now the dis-
trict township of Sheridan, the defendant in this case, was
carved out of it. Another district township was carved out of
it also, and called the district township of Glidden. After the
division of the old district township, and the organization of
the two additional district townships, the officers of the three
district townships met for the purpose of making an equitable
division of the assets and liabilities as provided by law. The
division made was as follows: The plaintiff, the district town-
ship of Jasper as now constituted, was to draw all the contin-
gent fund due the old district township of Jasper, pay all the
claims against the fund, and then divide the balance equally

between the plaintiff district township and the district township of Glidden. A similar agreement was made in regard to the school house fund. As to the teacher's fund, it was agreed that the plaintiff should draw all the fund due the first Monday of April of that year, pay all the claims against the fund, and if the fund was not sufficient that the district township of Sheridan and the district township of Glidden should reimburse the plaintiff to the amount of one-half of the deficiency, by the payment of one-fourth each; and if the fund should prove to be more than sufficient that the surplus should be distributed, one-half to the plaintiff, and one-fourth each to the other two districts.

At that time, for some reason, the said railroad lands had not been assessed for the years 1866 and 1867. But they were afterwards assessed for those years, and the taxes for those years were collected and paid to the defendant, July 23d, 1874, and is the tax now in question. The amount received by the defendant was $1,223.54. The plaintiff claims that under the agreement above set forth it is entitled to said taxes, and that they have been wrongfully paid to the defendant. Judgment for defendant. Plaintiff appeals.

*Beach & Hinman* and *C. C. Cole*, for appellant.

*McDuffie & Manning*, for appellee.

ADAMS, J.—The basis upon which the equitable division was made was that the plaintiff should draw the "fund due," etc. It is claimed by the defendant that the taxes in question were not then *due*, and so not covered by the agreement. The question presented is as to the meaning of the word *due* as used by the parties. It is claimed by the defendant that a fund is due when the time arrives in which payment is enforceable. And it must be admitted that this is the ordinary meaning of the word. But, while that is so, there is certainly another meaning somewhat broader.

To determine what the parties meant in this case, we may have reference to the duty which they were attempting to discharge. The statute required them to make an equitable

*[margin note: 1 SCHOOL district: division of: taxation.]*

division of the assets. Now *assets* embraces claims not matured, as well as claims matured. We are not allowed to conclude, therefore, that the parties used the word due in its restricted sense.

But it is said by the appellee that the taxes in question were not even assets at the time, because they had not been assessed, and this position is certainly a plausible one. But here again we have reference to the peculiar nature of the case. There was not only a right, but a duty, on the part of Carroll county, to assess the land for the years for which the assessment had been omitted; and the original district township of Jasper had a right to the school taxes which should be so assessed. It had a right to rely upon them in advance as a part of its resources, and we may presume that it did rely upon them. In contemplation of law there was no contingency about them. Nothing needed to be done except to obey the law. The right then was a substantial right, and should have been taken into account, whether it was or not, in the equitable division of the assets and liabilities. Construing the language used in connection with the duty which the law imposed upon the parties, and which they were attempting to discharge, we are of the opinion that they intended to divide all the assets then available and thereafter to become available by reason of a right which had already accrued. The plaintiff, then, is entitled to recover, but the money when recovered is subject of course to be applied and distributed as provided by the parties in their agreement above set forth.

REVERSED.