FARMERS & MERCHANTS STATE BANK, Respondent, vs. HUSS, Appellant.

*January 16—February 12, 1924.*

*Alteration of instruments: Fraud: Recovery on original consideration: Rights of transferee of note.*

1. An alteration of a note, not fraudulent, will not prevent a recovery upon the original consideration between the original parties to the note.   p. 660.
[2. Whether a transferee of the note, in such a case, may maintain an action on the original consideration, not passed upon.] p. 661.

3. Where the acting cashier of a bank to whom a note had been transferred altered the note so as to accelerate the date of maturity, and the bank, after knowledge that the maker refused to acknowledge the alteration, brought action on the note prior to the time it became due according to its original terms, the bank cannot, after dismissal of the action on the note, recover either on the note or on the original consideration, its conduct in attempting to enforce the note before it was due being fraud which as a matter of law wipes out both causes of action. p. 661.

APPEAL from a judgment of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Reversed.*

This is an action to recover on a promissory note executed by the defendant to S. H. Garnes & Son and by the latter transferred to the plaintiff bank. The note was dated May 20, 1920, and became due two years thereafter. The court found that the note had been altered by the bank and denied a recovery on the note. The court, however, found that while the note had been altered by the bank it had not been altered with a fraudulent intent, and permitted the bank to recover on the original consideration, which was the purchase price of a tractor purchased by the defendant from S. H. Garnes & Son. From that judgment the defendant appealed.

*W. T. Doar* of New Richmond, for the appellant.

For the respondent there was a brief by *Kennedy & Yates* of Amery, and oral argument by *W. T. Kennedy.*

OWEN, J. The evidence tends to show that the payees of the note offered the note to the bank for purchase. The acting cashier, Oliver Stenberg, said that the bank could not handle the note because it ran for two years and it could not accept any note running for more than one year. The payees gave assurance that they would pay the note within a year, whereupon Stenberg wrote the word "one" over the word "two." He testified that he did this not with any intention of altering the note so as to enable the bank to

enforce the same against the maker before two years from the date thereof, but to indicate that the payees would pay the note within one year.  The trial court gave full weight to the testimony of Stenberg and exonerated him from any fraudulent purpose in his mutilation of the note.  It appears, however, that about the time the first year's interest was due, the defendant *Huss*, knowing that the bank had the note, called at the bank for the purpose of paying the first year's interest.  He was waited upon by one Walter Fraypoint, who produced the note and informed the defendant that they would have to have not only the interest but the principal.  The defendant protested and said the note was not due for another year.  The defendant looked at the note and stated that it had been changed to one year instead of two.  Fraypoint then called Stenberg, who frankly admitted that he, Stenberg, had made the alteration.  The defendant then paid the interest and went about his business. Within a month the bank brought action against him to collect on the note.  The defendant interposed an answer alleging the mutilation of the note, after which the plaintiff bank voluntarily dismissed the action.

It is conceded that the plaintiff cannot recover on the note, and the only question is whether it can recover upon the original consideration.  It was held in *Matteson v. Ellsworth,* 33 Wis. 488, that an alteration of a note, not fraudulent, will not prevent a recovery upon the original consideration between the original parties to the note.  The trial court concluded that the alteration of the note was made at the time and under the circumstances stated by Stenberg, the cashier, and that the alteration was not fraudulent.  It may well be that the alteration was innocently made by Stenberg.  But what can we say about the subsequent conduct of the bank in seeking to enforce the note long before it became due?  It was charged with knowledge of the fact not only that the defendant claimed the note was altered and that it was not due for another year but that it was

altered by one of its own officers. If the bank had not sought to enforce the note until it became due according to its original terms, the good faith which the trial court accorded to Stenberg in the transaction might be imputed to the plaintiff bank. But in commencing action on the altered note it sought to take advantage of the alteration and to make every fraudulent use of the note that could have been made of it had it been originally altered for a fraudulent purpose. Such conduct on the part of the bank was bad faith no matter how innocent the conduct of Stenberg at the time of the alteration. This conduct must convict the bank of fraud as a matter of law, the result of which is to wipe out its cause of action on the note as well as its cause of action on the original consideration for the note—if, indeed, the transferee of a note may maintain an action upon the original consideration, which is a somewhat doubtful proposition. See Chitty, Bills (13th Am. ed.) p. 220; 2 Edwards, Bills, Notes & Neg. Inst. (3d ed.) p. 666; *Cason v. Wallace,* 4 Bush (67 Ky.) 388; *Ottenheimer v. Cook,* 10 Heisk. (57 Tenn.) 309; *Battle v. Coit,* 26 N. Y. 404; *State Sav. Bank v. Shaffer,* 9 Neb. 1; *Samson v. Yager,* 4 Q. B. Rep. o. s. 3; 11 A. L. R. 449, note.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing the complaint.