STATE BANK OF CORNELL, Respondent, vs. TOWN OF
WASHINGTON, Appellant.

*February 15—June 3, 1924.*

*Towns: Authority of town board: Borrowing money: Resolution
of town meeting: Amount or terms of loan not stated: Suffi-
ciency: Official action of board: What constitutes: Recovery
on original consideration: By transferee of note: Interest on
town orders.*

1. Under sub. (17), sec. 60.29, Stats. 1921, a town board had no
   power to borrow money except as authorized at the last pre-
   ceding town meeting. p. 126.
2. Where a resolution adopted at a town meeting to borrow money
   from a designated bank did not prescribe the amount that
   might be borrowed nor the rate of interest which should be
   paid, the town board had no power to borrow any money.
   p. 126.
3. The official action of a town board must be taken at a meeting
   at which all members are present or of which all members
   had proper notice in order to make such action binding; and
   mere knowledge and acquiescence by members of the town
   board in the borrowing of money and the making of notes by
   its chairman and clerk does not constitute official action.
   p. 127.
4. In an action by the transferee of two notes originally given by
   town officers to a bank, which did not advance the money on
   the notes but honored orders signed by the chairman and
   clerk of the town and charged the amounts against the notes,
   the question whether the plaintiff could recover on the orig-
   inal consideration in case the notes were void is *doubted;* but
   it is *held* that since the record shows that the town has since
   paid the bank all moneys disbursed by it for legitimate town·
   purposes, neither the bank nor the plaintiff has a cause of
   action. p. 128.
5. In the absence of a resolution by a town meeting under sub.
   (3), sec. 60.35, Stats. 1921, town orders do not and cannot
   draw interest. p. 128.

APPEAL from a judgment of the circuit court for Rusk
county: JAMES WICKHAM, Circuit Judge. *Reversed.*

This action was brought to recover on two promissory
notes executed by the town of *Washington* to the State
Bank of Holcombe, one dated May 17, 1920, the other

June 3, 1920, each for $1,500, each due March 15, 1921, and each bearing interest at the rate of seven per cent. per annum. Each note was signed, "Town of *Washington,* by R. B. Hopkins, Chairman, Louis Cholvin, Clerk." The proceeds of these and other notes so executed by the town of *Washington,* amounting in the aggregate to $8,000, were deposited in said State Bank of Holcombe to the credit of the town treasurer and were paid out by the bank upon town orders signed by the chairman and clerk. The town treasurer never drew checks against this fund, except one check to close the account. It seems to have been the practice for the holders of town orders to present them to the bank, where they would be cashed by the bank and the amount charged against the deposit to the credit of the town treasurer. The town treasurer testified that he never knew anything about these transactions or this fund, but it plainly appears that the bank from time to time returned the canceled town orders to the town treasurer with a statement of the status of the account. The proceeds of the notes, however, never came into the hands of the town treasurer except in the manner indicated.

On the 2d day of September, 1920, the State Bank of Holcombe sold and transferred said notes to the plaintiff, which brings this action to recover thereon. Judgment was entered in favor of the plaintiff for the sum of $3,000 and interest, less $1,267.25 paid on said notes on June 20, 1921. From that judgment the defendant appealed.

For the appellant there was a brief by *D. W. Maloney* and *T. M. Thomas,* both of Ladysmith, and oral argument by *Mr. Maloney.*

For the respondent there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *A. W. MacLeod.*

The following opinion was filed March 11, 1924:

OWEN, J. Appellant claims that the notes were void for the reason that their execution was never authorized either by the town or by the town board. Sub. (17); sec. 60.29,

Stats. 1921, empowered the town board of supervisors "to borrow money, when authorized at the last preceding town meeting, not exceeding the amount appropriated at such meeting, at a rate of interest not to exceed eight per centum per annum, to pay town orders which may be drawn upon the town treasurer and to direct the town chairman and clerk to issue negotiable promissory notes of the town therefor, payable not later than the first day of March following the date of their issue." The trial court found that at the annual meeting of the town of *Washington* on April 6, 1920, a resolution was adopted which was entered on the minutes of the town clerk, as follows: "Resolution passed to borrow money from the State Bank of Holcombe." The evidence disclosed no other or more definite resolution upon the subject.

The town board had no power to borrow money except as authorized at the last preceding town meeting. The resolution adopted did not prescribe the amount of money that might be borrowed, neither did it prescribe the rate of interest which should be paid. It merely designated the place where money should be borrowed. To say that such a resolution authorized the borrowing of money *ad libitum* would be to sanction practice which the legislation no doubt intended to restrain.

In this case the town borrowed $8,000, which was nearly $3,000 in excess of the amount appropriated at the town meeting, as will be observed by a reference to *Stamper v. Hopkins,* decided herewith (*post,* p. 129, 197 N. W. 929), and which is really a companion case to this. The resolution adopted cannot be held to constitute authority for the borrowing of any particular amount of money.

While the trial court found that the town board of said town borrowed money from the State Bank of Holcombe and issued the promissory notes involved in this action, it also held "that said arrangement for borrowing and disbursing said money was made and carried out without any

formal action of the town board entered upon the minutes of the town clerk, but was done with the knowledge and consent of all the members of the town board, the town clerk, and the town treasurer, and in pursuance of the resolution passed at the annual meeting of said town." It is well settled that the official action of a town board, as well as that of any other deliberative body, must be taken at a meeting at which all members are present or of which all members had proper notice in order to make the action binding. *Lawler v. Brennan,* 150 Wis. 115 (134 N. W. 154, 136 N. W. 1058), and cases cited at p. 130; *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004. The knowledge of and the acquiescence by the members of the town board in the transaction did not constitute the official action of the town board and was not sufficient to authorize the town chairman and the town clerk to bind the town upon these promissory notes. These two very fatal defects in the authority of the chairman and clerk to bind the town in the premises render the notes absolutely void, and no action may be maintained upon them.

The complaint contains appropriate allegations to the effect that the moneys which the bank loaned upon these notes were all disbursed for the legitimate purposes of the town, and that, even though the notes themselves should be void, recovery should be had for the amount of money which the town had and received from the bank and which was used for the legitimate purposes of the town. It will be noted that this action is not brought by the Bank of Holcombe but by the *State Bank of Cornell,* to whom, it is alleged, the notes were transferred. There is no allegation in the complaint that the claim of the State Bank of Holcombe against the town for moneys so had and received by the town was assigned to the plaintiff, except as such result may incidentally and legally follow from the transfer of the notes. That the transfer of a negotiable note carries with it the original consideration for the note is an open and

doubtful question in this court. *Farmers & M. State Bank v. Huss,* 182 Wis. 658, 197 N. W. 177. That the transfer of the notes here in question carried with them the claim of the Bank of Holcombe for moneys disbursed by it for the benefit of the town is a still more doubtful question. However, it seems unnecessary for us to consider whether the plaintiff acquired title to any claim which the State Bank of Holcombe may have against the town in this respect by the purchase of the notes in question, for the reason that the town, on June 20, 1921, paid to the State Bank of Holcombe all moneys disbursed by it for the legitimate purposes of the town. It appears that new officers were elected in the town of *Washington* at the annual town meeting in 1921. The newly elected town treasurer opened negotiations with the State Bank of Holcombe with reference to the claims against the town based upon the notes in question. He utterly refused to recognize the validity of the notes, but offered to pay the bank for every town order which it had cashed, except orders Nos. 38, 41, 126, 186, and 224. Orders Nos. 38 and 41 were orders issued by the town in payment for a tractor, which are declared void by our decision in *Stamper v. Hopkins,* decided herewith (*post,* p. 129, 197 N. W. 929). Orders Nos. 126, 186, and 224 appear to be orders issued by the town in payment of interest on other town orders. While the record is not clear as to this, and there is no finding of the court to this effect, such is our construction of the record before us.

Sub. (3), sec. 60.35, Stats. 1921, provides that

"If the electors at the last preceding town meeting shall have voted in favor of having town orders draw interest, the clerk of said town shall, in drawing said orders, plainly state upon the face of said orders the rate of interest fixed by vote of the electors as aforesaid and the said orders shall draw interest at the rate named until the first day of March following the date of issue," etc.

In the absence of such a resolution by the town meeting,

town orders do not and cannot draw interest (*Mueller v. Cavour,* 107 Wis. 599, 83 N. W. 944), and orders Nos. 126, 186, and 224, which the town treasurer refused to pay, do not constitute binding obligations against the town. It therefore appearing that the town has paid the Bank of Holcombe all moneys disbursed by it for the legitimate uses of the town, or which constitute binding obligations against the town, neither the Bank of Holcombe nor the plaintiff has any further claim against the town in such behalf. It results that the complaint of the plaintiff should be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on June 3, 1924.