TOWN OF SWISS, Appellant, vs. UNITED STATES NATIONAL BANK, Respondent.

*March 7—June 18, 1928.*

172

For the appellant there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Clarence J. Hartley.*

*H. V. Gard* of Superior, for the respondent.

The following opinion was filed April 3, 1928:

STEVENS, J. (1) The single question presented is whether the plaintiff town is entitled to a judgment enjoining the transfer and compelling the cancellation of the note in question.

All who take the obligation of a town to pay money must ascertain for themselves whether the obligation was "issued by competent authority, and a purchaser of a town order [or note] takes it at his peril of the fact. If not issued by competent authority, the town is not liable. The law is well settled that the officers of a town, or of any municipal corporation, cannot bind it, when they transcend their lawful powers." *Hubbard v. Lyndon,* 28 Wis. 674, 677. "It is well settled that municipal corporations have no powers except those expressly conferred or necessarily implied from the power conferred, and since towns are only *quasi*-corporations the rule applies to them with especial force." *First Wis. Nat. Bank v. Catawba,* 183 Wis. 220, 224, 197 N. W. 1013. If legislative authority is wanting, bonds or notes given by towns are void. *Rochester v. Alfred Bank,* 13 Wis. 432, 438.

Sub. (17) of sec. 60.29 of the Statutes of 1921, which seems to be relied upon to confer power to give the note here in question, was repealed in 1923, before the note was given. At the time this note was given the only statute which conferred power upon a town to make temporary loans was sec. 67.12 of the Statutes. This section requires the town board to levy a tax for the repayment of the loan at the time it authorizes the loan. The town board did not levy such a tax at the time it authorized this loan. The note was there-

fore void because not made in conformity with the power conferred by statute. *First Wis. Nat. Bank v. Catawba,* 183 Wis. 220, 231, 197 N. W. 1013; 19 Ruling Case Law, 995; note in 51 Am. St. Rep. 849.

Those who accept the obligations of a town are charged with knowledge of the contents of the records of the town purporting to give authority to execute such obligations, as well as the provisions of the statutes. *Veeder v. Lima,* 19 Wis. 280, 287, 291. They are bound to knew whether the records of the town disclose that the town officers have complied with the provisions of the statutes conferring the power to give such obligation.

(2) The defendant bank is in no position to claim recovery on the ground that the town has had the benefit of the money represented by this note. In the first place it advanced no money to the town. It merely took the note as collateral to an obligation owed to it by the Danbury State Bank, which was the payee of the note. In the second place the proof does not establish the fact that the consideration for this note was disbursed for the benefit of the town. Some money was paid out for the benefit of the town. But how much of it came from this loan is not established by the proof. When a bank contends that it is entitled to recover on the ground that the funds represented by a loan have been used for the benefit of the municipality making the loan, "the burden of proof is upon the bank to establish by a clear preponderance of the evidence that the money was so loaned and so used." *First Nat. Bank v. Joint School Dist.* 187 Wis. 547, 550, 203 N. W. 762.

Even if the bank had met the burden of showing that the funds represented by this loan were all used for the benefit of the town, it is an open and doubtful question whether the transfer of the note to the bank as collateral security carried with it the original obligation. *State Bank v. Washington,* 184 Wis. 124, 127, 128, 197 N. W. 933.

(3) The note having been given without statutory authority, it is void even in the hands of one who would otherwise be a *bona fide* holder. The note in question contains no recitals of compliance with the requirements of the statute. Nothing appears in the proof that could be the basis of a claim that the town was estopped to question the validity of the note in the hands of the defendant bank. No one can become a *bona fide* holder of the note here in question because it was void when issued, and every one to whom it is transferred is charged with knowledge of the provisions of the statutes and of the records of the town showing failure to comply with the statutes.

(4) When the note in question was given by the town, the chairman who executed the note on behalf of the town was a stockholder in the Danbury State Bank, to which the note was given. When the original note was given, which constituted the sole consideration for the note in question, the treasurer of the town, who was the active officer in negotiating this loan, was the principal managing officer of the Danbury State Bank as well as its largest stockholder. Sec. 348.28 of the Statutes renders this note "absolutely void." *Bissell L. Co. v. Northwestern C. & S. Co.* 189 Wis. 343, 347, 207 N. W. 697; *Land, Log & L. Co. v. McIntyre,* 100 Wis. 245, 254, 75 N. W. 964; *Quayle v. Bayfield County,* 114 Wis. 108, 115, 89 N. W. 892; *Henry v. Dolen,* 186 Wis. 622, 626, 203 N. W. 369.

(5) A court of equity having determined that it would not enjoin the enforcement of this note, this court has attempted to find a way to affirm that judgment. But we cannot escape the conclusion that the proper administration of justice demands that this judgment be reversed.

The note is void. It cannot be made the basis of a recovery in an action at law. To affirm the judgment would be to permit, perhaps encourage, these parties to incur the useless expense incident to a bootless action at law which

must ultimately lead to a judgment determining that there can be no recovery upon this note.

A strict adherence to the rule that equity will not grant relief where the rights of the parties may be protected by a defense interposed in a legal action might justify the affirmance of this judgment. But such decision would violate the fundamental maxim that "Equity delights to do justice, and that not by halves." The issue of the validity of this note was carefully litigated at the circuit and ably briefed and fully argued in this court. The parties have submitted that issue for determination in this action.

The due administration of justice which puts the protection of the rights of parties and the prevention of multiplicity of actions above mere forms of procedure demands that this court do complete justice by ending litigation over this void note and saving the useless expenditure of time and money that would be involved in litigating again the question of the validity of this note.

The judgment must be reversed and the cause remanded with directions to enter a judgment enjoining the enforcement of the note in question and directing its cancellation.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on June 18, 1928.