Town of Cassian, Appellant, vs. Town of Nokomis, Respondent.

*November 17—December 15, 1948.*

96

98.

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

For the respondent there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* and *Walter H. Piehler* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger*.

FAIRCHILD, J. The town of Nokomis was created under sec. 60.06, Stats. Sub. (5) of that section provides that "the credits and indebtedness as between the town so created and the town or towns of which it was formerly a part shall be apportioned according to the provisions of section 66.03."

The applicable subsections of sec. 66.03, Stats., are (2), (7), and (8). They provide:

"(2) *Basis.* Except as otherwise provided in this section when territory is transferred, in any manner provided by law, from one municipality to another, there shall be assigned to such other municipality such proportion of the assets and liabilities of the first municipality as the assessed valuation of all taxable property in the territory transferred bears to the assessed valuation of all the taxable property of the entire mu-

nicipality from which said territory is taken according to the last assessment roll of such municipality.

"(7) *Adjustment, how made.* The apportionment board shall determine, except in the case of public utilities, such assets and liabilities from the best information obtainable and shall assign to the municipality to which the territory is transferred its proper proportion thereof by assigning the excess of liabilities over assets, or by assigning any particular asset or liability to either municipality, or in such other manner as will best meet the requirements of the particular case. . . .

"(8) *Appeal to court.* In case the apportionment board is unable to agree, the circuit court of the county in which either municipality is situated, may, upon the petition of either municipality, make the adjustment of assets and liabilities pursuant to provisions of this section."

At common law when a new town was created out of an old town it had no claim to a portion of the common property except what fell within its boundaries. 26 R. C. L., Towns, p. 791, sec. 11; *De Pere v. Bellevue,* 31 Wis. 120. Conversely, the old town remained subject to all its obligations unless, of course, there was express statutory provision to the contrary. The grant of power by sec. 66.03, Stats., to the apportionment board (or the circuit court in case of an appeal) is so broad that it appears clear that the statute was intended to supersede that rule. Certainly the legislation is to the effect that today all the assets and liabilities of the old town are to be divided between the two towns and that this be done in the most equitable manner. There is no occasion for resorting to any rule of strict construction for the statute plainly prescribes what is to be done. The legislature has left no doubt that there shall be an apportionment of assets and liabilities when a new town is formed.

The first objection of the appellant is to the jurisdiction of the circuit court in apportioning the assets and liabilities under sec. 66.03 (8), Stats. There is no attempt in the enactments of the legislature to vest in the court authority to pass upon the

wisdom and policy of the creation of the town of Nokomis. That town has come into existence. As far as that event is concerned, the legislative authority has passed upon all questions of policy and expediency which are vested in that body alone.

Two existing towns are now called to divide their assets and liabilities. The parties have reached a point where a lawsuit is necessary because they are unable to agree on a division. The legislature has placed upon the court, when a petition is made, the duty of proceeding to an adjustment of the matter in dispute between the contending towns. It is no longer a legislative or administrative matter. The court is determining the conflicting claims of two disputing parties. This takes these proceedings out of the rule laid down in the case of *Town of Milwaukee v. City of Milwaukee*, 12 Wis. *93. Nor is this contrary to the doctrine of *In re Incorporation of North Milwaukee*, 93 Wis. 616, 67 N. W. 1033, or *Nash v. Fries*, 129 Wis. 120, 108 N. W. 210. Jurisdiction of the subject is conferred upon the courts. The power to hear a particular class of cases or to determine controversies of a specified character when judicial in its nature provides the jurisdiction.

The second contention of the appellant is that sec. 60.06 (5), Stats., refers only to the apportionment of debts between the towns and not of assets. This claim is entirely without any basis. It would be unreasonable to assume that the legislature intended a division of liabilities without a corresponding distribution of assets. Furthermore secs. 60.06 (5) and 66.03, clearly provide for an apportionment of both.

Appellant's next assertion is that assets do not include delinquent taxes or federal, state, and county aids and grants, such as auto-license and gas-tax aids under secs. 20.49 and 85.045 (1), Stats., forest-crop aids under sec. 77.05, liquor occupational-tax aids dependent on the last federal census in the town under sec. 139.28 (2), which are based on conditions existing prior to the division and which will be received within two years.

The power to apportion assets and liabilities is not arbitrary. It rests upon fixed principles of justice, which have for their object the protection of the taxpayer in each of the interested towns. Although the payment of delinquent taxes and the receipt of federal, state, and county aids are only contingencies they are generally regarded as assets of a town. See *Owsley County Board of Education v. Owsley County Fiscal Court,* 251 Ky. 165, 64 S. W. (2d) 179, and *District Township of Jasper v. District Township of Sheridan,* 47 Iowa, 183. If they are based on the population, assessed valuation, number of miles of highways, residence of taxpayers, location of forest-crop land, number of motor vehicles, moneys paid for transporting high-school students, or other conditions existing before the division of the town, justice requires that the taxpayers in the new town receive their proportionate share. Sec. 66.03 (2), Stats., provides that the only basis for distribution shall be the assessed valuation regardless of the basis of the grant. Therefore the circuit court was correct in determining and ordering that 52.5 per cent of all such receipts be paid over to the town of Nokomis. Appellant's argument that this is unfair because Nokomis does not have to do the same for Cassian is obviously without foundation. The only reason that such a provision has to be made is because those taxes and aids were due to the old town of Cassian. There is no possibility of anything becoming payable to the town of Nokomis which is due to all the people of the old town of Cassian.

Appellant urges that the two-year period is unjust and arbitrary. The circuit court evidently used the two-year period because the liquor occupational-tax aids are paid on the basis of the last federal census. Since the next federal census will not be taken until 1950 the order was drawn to cover the two-year period during which the town of Cassian will receive the allotment of both towns.

This two-year period is a reasonable time. From a careful study of the basis of the other aids and grants, it appears that in that period of time they, too, will be distributed to the two

towns.    By 1950 the administrative records should be changed to conform to the conditions caused by creating the new towns.

Since the two towns are required to share the assets of the old town, they must also share the liabilities.    Therefore the trial court properly held that any suits for recovery of the 1947 taxes paid under protest should be jointly defended and that in case of any refund the town of Nokomis should reimburse the town of Cassian by 52.5 per cent thereof.

The circuit court also found that the bill of the law firm of O'Melia & Kaye, attorneys for the town of Cassian, should be deducted from the assets to be distributed.    The town of Nokomis made a motion to review and contended that, since these fees were earned in opposing the dissolution proceedings, they should be paid by the town of Cassian alone.    However, the town of Cassian had a legal right to defend against such proceedings.    The services were rendered before the date of dissolution.    They were ordered by those then in authority and became an obligation of the whole town.

It is also considered in relation to the motion to review that the circuit court's exclusion of proof of the value of roads and bridges on the ground that the assessed valuation of the surrounding area reflects the value of the roads and bridges is correct.    It is a well-established fact that when the value of any single piece of property is arrived at the improvements are taken into consideration.

*By the Court.*—Motion to review denied.    Order affirmed.