VILLAGE OF MILTON JUNCTION, Appellant, vs. TOWN OF MILTON, Respondent.

*February 5—March 3, 1953.*

368

For the appellant there was a brief by *Dexter I. Munson* of Milton Junction, and *Ernest P. Agnew* of Janesville, attorneys, and *Cunningham & Buell* of Janesville of counsel, and oral argument by *Mr. Munson* and *Mr. Robert J. Cunningham.*

For the respondent there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs* and *George S. Geffs.*

MARTIN, J. The only question presented is whether the funds transferred pursuant to sec. 60.18 (9), Stats., "for the establishment of a community-building fund for the town of Milton" are subject to the apportionment required by sec. 66.03 (2).

In the opinion of the trial court the vote of the town meeting on April 3, 1945, had the effect of establishing a trust fund which cannot be used except in the manner designated. We do not believe that the action of the town had any such effect. Sec. 60.18, Stats., under which that action was taken, gives to the qualified electors of the town power by vote to raise money for the purchase, lease, or construction of a building for use of the town. Here the money was not actually to be raised, since it had accumulated as a surplus prior to the referendum.

A town has only such powers as are conferred on it by statute or necessarily implied therefrom. As stated in *Swiss v. United States Nat. Bank* (1928), 196 Wis. 171, 173, 218 N. W. 842:

" 'It is well settled that municipal corporations have no powers except those expressly conferred or necessarily implied from the power conferred, and since towns are only quasi corporations the rule applies to them with especial

force.' *First Wis. Nat. Bank v. Catawba,* 183 Wis. 220, 224, 197 N. W. 1013."

The town of Milton possessed the power to appropriate its funds for a town building by virtue of sec. 60.18, Stats., and the funds so appropriated could have been diverted by following the procedure outlined in sec. 65.90 (5) (a). If we were to hold that funds so set aside were trust funds not subject to the direction of sec. 66.03 (2) that they be apportioned, we would nullify the operation of that section completely. It could not have been the intent of the legislature to permit a town to circumvent the statute simply by setting funds aside for some future purpose.

In *Cassian v. Nokomis* (1948), 254 Wis. 94, 101, 35 N. W. (2d) 408, this court said:

"The power to apportion assets and liabilities is not arbitrary. It rests upon fixed principles of justice, which have for their object the protection of the taxpayer in each of the interested towns."

Respondent argues that these "fixed principles of justice" do not apply in the case of trust funds. We do not consider the funds here to be trust funds. This is not a case similar to *Dartmouth College v. Woodward* (1819), 17 U. S. (4 Wheat.) 518, relied upon by respondent, where the funds involved were contributed by individuals for designated charitable and educational purposes. In *Montpelier v. East Montpelier* (1854), 27 Vt. 704, the "rights of land," which were the subject matter of the case, were granted to the original town by its charter for a specified purpose. These and other cases relied upon by respondent and the trial court in its decision arise out of facts showing the impairment of the obligations of a contract. Here the town has entered into no contract with respect to the use of the funds involved.

It is further argued that under sec. 67.17, Stats., the town officers, in apportioning 31 per cent of the fund to the village

of Milton Junction under the direction of sec. 66.03, would make themselves personally liable in an action to restore such diversions to the fund. The argument has no merit. The funds there referred to are funds set up for municipal borrowing. See sec. 67.11. That situation is in no way comparable to the one before us.

Sec. 66.03 (2), Stats., is clear and unambiguous and permits of no other interpretation than its ordinary meaning. It provides for division of assets. Concededly, this fund is an asset, whether called a trust or an accumulation of moneys, and we must hold that it is subject to the division of assets required by that statute. Sec. 66.03 expresses no exception in the case of funds appropriated for a designated future purpose, nor is there any language in the statute from which such an exception can be implied. The intention of the legislature, as expressed in the *Cassian Case, supra,* can be fulfilled only in apportioning this money between the town and the village so that all the taxpayers who contributed to the fund may share in its use.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter judgment apportioning the assets according to law.