GREENLAWN MEMORIAL PARK, Appellant, vs. NEENAH TOWN BOARD OF SUPERVISORS and others, Respondents.

*June 1—June 28, 1955.*

For the appellant there were briefs by *Cooke & Loehning* of Neenah, and oral argument by *L. O. Cooke*.

For the respondents there was a brief and oral argument by *Silas L. Spengler* of Menasha, attorney, and *Harry E. Meyer, Jr.*, of Oshkosh of counsel.

STEINLE, J.    Upon petition of Greenlawn Memorial Park, a Wisconsin cemetery association, an alternative writ of mandamus was issued by order of the circuit court for Winnebago county requiring the Town of Neenah Board of Supervisors and Winnebago County Board of Supervisors to approve of a cemetery plat prepared on behalf of the petitioners and theretofore submitted to said respective boards, or to show cause to the contrary. The boards declined approval of the plat. The County Board filed a reply to the writ wherein it indicated that it had no serious objections to the adoption of the plat, but would be guided by the action of the Town Board, and that the court's decision ought to first be directed to the Town Board. The Town Board filed a return in which it alleged that although the plat approval had been requested by the cemetery association, nevertheless the town had denied approval for reasons that there had

been no showing that the cemetery would be adequately financed; that the location of the proposed cemetery is on a superhighway and is adjacent to an airport, and that the use of the cemetery at such location would be hazardous and was objectionable; that there is no need for this cemetery in view of the existence of other cemeteries in the vicinity, and that the electors of the town do not want the cemetery to be located therein; that it is acting within the exercise of governmental power bestowed upon it; that the action in refusing to approve of the plat is not for the purpose of voiding the conveyance of the land at the option of the grantors; that on information and belief the interests of some of the members of the cemetery association and of the airport are interlocking.

A written stipulation of the facts was entered into by the respective parties, and that stipulation together with the oral testimony of three members of the Town Board constituted the evidence upon which the court based its decision.

Among the stipulated facts appear the following:

"14. That on April 9, 1954, the said cemetery plat (Exhibit 'F') was formally submitted to the Town of Neenah Board of Supervisors and approval requested pursuant to provisions of section 157.07 of the Wisconsin statutes; that said Town Board requested certain changes in said plat including a complete turnabout road which changes were duly made by the surveyors for Greenlawn Memorial Park as shown in petitioner's Exhibit 'F' attached hereto. . . .

"16. That thereafter and on May 19, 1954, the corrected plat (petitioner's Exhibit 'F') was again formally submitted to the Board of Supervisors of the Town of Neenah, pursuant to section 157.07 and the Board of Supervisors of the Town of Neenah indicated to petitioner that no further corrections were required in the plat and that the Town Board would advise the Cemetery Association of its action in the matter; that the Town Board was informed by the petitioner that any reasonable change required by the Town Board would be made by the Cemetery Association if requested by the Town Board.

"17. That thereafter and on May 26, 1954, the Town Board of the Town of Neenah *denied the application for approval* of the Greenlawn Memorial Park plat and gave reasons therefore as appears by Town of Neenah Exhibit '3' which is attached hereto and made a part of this stipulation of facts.

"18. That thereafter and on July 15, 1954, petitioner's Exhibit 'F' was filed with the Winnebago County Board of Supervisors for approval of the plat and the Winnebago County Board of Supervisors on July 20, 1954, *denied approval of the said plat* and stated that they would be guided by the action taken by the Town of Neenah Board of Supervisors." (Italics supplied.)

Upon the record as presented, the court rendered a decision, findings of fact, and conclusions of law, and its judgment. A peremptory writ of mandamus was denied.

In the decision the court said:

"While the stipulation of facts indicates that the County Board of Supervisors of Winnebago County has denied approval of the plat, this court is satisfied that that stipulation was entered into in error for the reason that the County Board of Supervisors of Winnebago County has in effect not taken any definite action but has held the matter in abeyance pending the decision of the Town Board of the Town of Neenah. Said Town Board has refused to issue approval of the proposed plat, after considerable consideration, and after giving its citizens an opportunity to be heard at a public meeting. The officers of the Town of Neenah claim that approval of the plat has been refused for numerous reasons, such as:

"1. Type of soil.

"2. That there are sufficient cemeteries in the town of Neenah and surrounding territory.

"3. That this cemetery would be located adjacent to an airport and, in fact, on one of its runways.

"4. That it is located adjacent to Highway 41, and that its entrance would cause a traffic hazard, and that the entrance, etc., would not be proper by reason of the tavern located near the road.

"5. That it is not satisfied that the corporation is so situated that it is financially sound, and has requested information in the form of a financial statement, which has not been given.

"6. That under the circumstances the Town Board of Neenah fears that if the cemetery association is not financially sound that it might become a burden on the township in the event the township had to take it over, for the reason that under section 157.03 (7) the town might have to levy and collect a tax for its maintenance and upkeep.

"7. That there is a provision in the deed which the cemetery association holds which provides that the grantors are given an option to set aside the deed if the premises are not used for cemetery purposes within one year."

The written stipulation of the parties specifically asserts that the County Board and the Town Board denied approval of the plat which had been submitted to them by the relator. The trial court considered that the stipulation of the County Board's denial of approval was entered into in error. It appears that the district attorney of Winnebago county entered into the stipulation on behalf of the County Board, and that at no time was the stipulation modified or rescinded. The relator had submitted the plat to the County Board which failed to approve of it. In its reply to the writ, the County Board indicated that it had no serious objection to the plat. It seems to us that the County Board's action in failing to approve of the plat under the circumstances was a sufficient basis warranting the stipulation of the denial to approve. In any event there is no evidence of record indicating that there was not a denial of approval. We perceive no justification for a contention that the County Board had not denied approval. Upon the record it does not appear that there is any dispute between the County Board and the relator with reference to this matter. It is the Town Board which, upon this appeal, raises the point that the approval is premature for the reason that the statute requires both boards to approve of the plat and that the County Board had not denied ap-

proval. Upon the record we are obliged to hold that the County Board had denied approval of the plat.

Sec. 157.06, Stats., provides in part:

"No cemetery shall be laid out or used for burial purposes, except such as are now in use, and except those which shall hereafter be organized, maintained, and operated by . . . cemetery associations. . . . No such cemetery shall be established or located . . . (3) within 15 rods of a habitable dwelling, public building, . . ."

Sec. 157.07, Stats., provides in part:

"The board of trustees shall cause to be surveyed and platted such portions of the lands as may from time to time be required for burial, into lots, drives, and walks, and record map thereof in the office of the register of deeds. No such plat or map shall be recorded unless laid out and platted to the satisfaction of the county board of such county, and the town board of the town in which such land is situated, . . ."

The proposed cemetery meets all of the statutory requirements with respect to location. The plat was submitted to the Town Board which suggested changes which were made. It was also submitted to the County Board which apparently had no objection thereto.

It is reasonable to assume that when the Town Board had requested changes in the plat which were thereafter made, and then required no further modification of the plat, the said board was satisfied with it. Neither in its amended return to the writ nor in its stipulation or testimony did the Town Board indicate dissatisfaction with the manner in which the land is laid out in the plat. The Town Board's refusal to approve of the plat is based upon considerations entirely distinct and unrelated to the manner in which the land in the cemetery is laid out.

The appellant contends that since the plat complies with all of the requirements of ch. 157, Stats., the Town Board

has no power under sec. 157.07, Stats., to arbitrarily refuse to approve of it for reasons asserted in its return to the writ and as found by the court. Appellant maintains further that once it was established that said board had no dissatisfaction with the manner in which the land in the plat was laid out, the approval of the plat thereafter was but the performance of a ministerial duty on the part of that board. In opposition to appellant's position the Town Board contends that when considering cemetery plats under sec. 157.07, the boards exercise judgment and discretion and do not perform merely ministerial duties. It maintains that its consideration of a plat under sec. 157.07 extends to matters beyond the layout of the land in the cemetery, and includes items such as the location of the cemetery and the various other factors upon which it had based its objections as indicated in its return to the writ.

The language of sec. 157.07, Stats., is plain and unambiguous. The statute empowers the County Board and the Town Board to exercise judgment and discretion only with respect to the laying out of the burial lots and the drives and walks in the cemetery. The ordinary and literal meaning of the language of this statute indicates that the portion of the land owned by the Cemetery Association and required for burial purposes shall be surveyed and platted into lots, drives, and walks, and that a map of the survey and plat shall be recorded in the office of the register of deeds; and that the map showing the platting of the roads and drives and walks may not be recorded unless such platting meets with the satisfaction of the boards. No legislative intent is indicated to empower the boards with a discretion as to the location of the cemetery, the suitability of the land for burial purposes or as to any of the other considerations advanced by the respondent Town Board in objecting to the cemetery and in refusing to ap-

prove of the plat. Since the language of the statute is not flexible, we may not, in interpreting it, depart from its literal meaning.

The Town Board's denial of approval of the plat is based on grounds not within the purview of the discretion conferred upon it by the legislature. Applicable here is the rule declared in *Milton Junction v. Milton* (1953), 263 Wis. 367, 369, 57 N. W. (2d) 186, that: "A town [board] has only such powers as are conferred on it by statute or necessarily implied therefrom." Having found no dissatisfaction with the map or plat, the Town Board's duty was to approve of it. Such approval under the circumstances was the performance of but a ministerial act. The statute does not contemplate that the action of the boards with respect to a consideration of the map or plat under sec. 157.07, Stats., shall be joint. It appears that the County Board was disposed to rely upon the action of the Town Board. The Town Board's action was arbitrary and void. In view of the County Board's position, it must be held that its action likewise was arbitrary and void. The relator had complied with all of the valid formalities requisite to its right to have the plat approved, and the action of the respective boards was a clear infringement of such right under ch. 157, Stats.

In the light of the circumstances reflected in the record and detailed herein it is considered that mandamus is appropriate, and that the proceeding was not prematurely brought. The relator is entitled to a peremptory writ of mandamus directing both the Town and the County Board to approve the plat in order that it may be properly recorded.

*By the Court.*—Judgment reversed, and cause remanded. A peremptory writ of mandamus shall be issued directing Winnebago County Board of Supervisors and Town of Neenah Board of Supervisors to approve in appropriate manner the plat submitted by Greenlawn Memorial Park.