Joint School District No. 1 of the village of Cedar
Grove and the towns of Holland and Sherman,
Sheboygan county, and the village and town of
Belgium, Ozaukee county, Appellant, v. Unified
School District No. 1 of the villages of Belgium
and Fredonia, and the towns of Belgium, Fre-
donia and Saukville, Ozaukee county, Respon-
dent.*

*No. 82. Argued December 2, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 132.)

---

* Motion for rehearing denied, with costs, on March 4, 1969.

For the appellant there was a brief by *P. G. Anderson* of Plymouth, attorney, and *John N. Kramer* and *Kramer, Nelson & Azim* of counsel, all of Fennimore, and oral argument by *John N. Kramer.*

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen O'Meara.*

WILKIE, J. The issue before this court is whether the trial court properly assigned the assets and liabilities between the parties. Both parties apparently agree that the assets and liabilities to be apportioned to Joint School District No. 1 amount to $410,046.39 and $269,982.19, respectively; and that Joint School District No. 1 is liable to Unified School District No. 1 in the amount of $117,649.60 for its share of the "value" of Lincoln school which is in the territory transferred to Joint School District No. 1.

The net result of the trial court's determination is to hold the Joint School District responsible for the payment of a judgment to Unified of over $53,000 even though it had just received by attachment substantial territory (and equalized value) carrying with it assets substantially in excess of liabilities.

This result is contrary to the clear intent of sec. 66.03 (2c), Stats., which applies to the apportionment of assets and liabilities when territory is transferred from one school district to another. This subsection provides that the proportion of assets and liabilities (of the district from which the territory is transferred) attributable to taxpayers in the transferred territory must be assigned to the school district to which such territory is transferred.

It is clear that the purpose of this subsection is to protect the interest of taxpayers and creditors. It permits those taxpayers who are made a part of a new school district to, in effect, take with them the share of assets and liabilities attributable to them, and at the same time permits those taxpayers left in the former district to retain the interest in assets and liabilities that they had prior to the transfer.

In *Cassian v. Nokomis,*[1] wherein the court was dealing with the assignment of assets and liabilities between two towns, it was stated:

"The power to apportion assets and liabilities is not arbitrary. It rests upon fixed principles of justice, which have for their object the protection of the taxpayer in each of the interested towns."[2]

Also, the apportionment of assets and liabilities protects the interests of municipal creditors in that it forces those taxpayers who will no longer be a part of the district to assume their share of the debt.

In order that justice prevail it is necessary that the *full* share of assets and liabilities attributable to the school district receiving the transferred territory be assigned.

Our review of the calculations of the lower court clearly establishes that Joint School District No. 1 did not receive its proper share of assets and liabilities.

The lower court construed sec. 66.03 (7), Stats., to the effect that there could not be an assignment of the excess of assets over liabilities on the basis that such a result would be inequitable and also that sec. 66.03 (7) did not provide for such an assignment.

Although sec. 66.03 (7), Stats., does not specifically spell out that the excess of assets over liabilities can be assigned, it is clear that such an assignment is not

[1] (1948), 254 Wis. 94, 35 N. W. 2d 408.
[2] *Id.* at page 101.

precluded. Sub. (7) states in part that an assignment can be accomplished in "such other manner as will best meet the requirements of the particular case." Certainly such an assignment would come within this language.

Other cases which have dealt with similar situations have permitted an assignment of the excess of assets over liabilities.[3]

Appellant's contention that the trial court erred in refusing to assign the excess of assets over liabilities to Joint School District No. 1 must be sustained. Such an assignment should be computed as follows:

To Joint School District No. 1:

| | | |
|---|---|---|
| Assets—34.02% | $410,046.39 | |
| Less liabilities—34.02% | 269,982.19 | |
| | | |
| Net Assets: | | $140,064.20 |
| Less amount owing to Unified: | | |
| Value of Lincoln School | $117,649.60 | |
| School Equipment | 10,049.00 | 127,698.60 |
| | | $ 12,365.60 |
| Adjustments: | | |
| Credits to Joint School District: | | |
| Utility Tax | $ 1,302.48 | |
| Less: Credits to Unified School Dist. | | |
| Trust Fund interest | $ 15.95 | |
| Attorney's fees | 170.10 186.05 | 1,116.43 |
| | | |
| Due Joint School District No. 1 | | $ 13,482.03 [4] |

Respondent argues that when territory detaches, people in that territory must carry with them their share of the obligation agreed to while they were part of the district, and, therefore, it would be inequitable for this

[3] See *Cassian v. Nokomis, supra,* footnote 1; *St. Francis v. Public Service Comm.* (1955), 270 Wis. 91, 70 N. W. 2d 221.

[4] Adjusted by any amounts paid by either school district on account or in behalf of the other.

court to permit appellant to detach free of all obligation. This argument assumes that because there is an excess of assets over liabilities assignable to appellant, the people in the transferred territory have failed to meet their obligations. This is not so. Not only do the people have a duty to pay their obligations, but they also have a right to carry with them their proportionate share of assets. When assets exceed liabilities, it is perfectly proper for the people to take with them only the excess of assets over liabilities and leave the remainder of the assets to which they are entitled to pay off the debts for which they are responsible.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter a revised judgment consistent with this opinion.